# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CRAIG ALLEN PHELPS, )<br>  )<br>  Plaintiff, )<br>  )<br>vs. )<br>  )<br>(1) DANIEL HOLLIMAN, )<br>(2) TOWN OF DIBBLE, )<br>  OKLAHOMA, )<br>  )<br>  Defendants. ) | Case No.: CIV-23-755-F<br><br>Jury Trial Demanded<br><br>Attorney's Lien Claimed |

## COMPLAINT

**COMES NOW**, the Plaintiff, Craig Allen Phelps, and for his Complaint against the above-named Defendants, states and alleges as follows:

1. Plaintiff Craig Allen Phelps ("Plaintiff" or "Mr. Phelps") is an individual and a citizen of the State of Oklahoma.

2. Defendant Daniel Holliman ("Officer Holliman") or ("Holliman") is a citizen of Oklahoma. Holliman was, at all times relevant hereto, acting under color of state law, and in the scope of his employment, as employee and/or agent of the Town of Dibble/Dibble Police Department.

3. Defendant Town of Dibble, Oklahoma ("Town"), is a town located in McClain County, Oklahoma. The Town provides and employs the Dibble Police Department ("DPD").

## JURISDICTION AND VENUE

1

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1343 to secure protection of and to redress deprivations of rights secured by the First, Fourth and/or Fourteenth Amendments to the United States Constitution as enforced by 42 U.S.C. § 1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under the color of law.

5. This Court also has original jurisdiction under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the First, Fourth Amendment and/or the Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6. The acts complained of herein occurred in McClain County, Oklahoma. Jurisdiction and venue are thus proper under 28 U.S.C. §§ 116(a) and 1391(b).

## FACTUAL BACKGROUND

7. At approximately 2:00 p.m. on March 16, 2022, Mr. Phelps was arrested by DPD Officer Jessica Dobbs on suspicion of non-violent misdemeanors.

8. Officer Dobbs handcuffed Mr. Phelps and transported him to the Dibble Police Department.

9. Mr. Phelps was left, shirtless, barefoot, and handcuffed behind his back, in the lobby area of the police department with DPD Officer Daniel Holliman.

10. Officer Dobbs decided that the charges against Mr. Phelps would be municipal, so Officer Holliman was to transport Plaintiff to the Grady County Jail, because that is where DPD houses municipal arrestees.

11. Plaintiff is five feet, five inches tall and weighs approximately 120 pounds. Officer Holliman, by contrast, is several inches taller and extremely well built.

12. Officer Holliman told Plaintiff that he was going to be taken to the Grady County Jail, so Plaintiff stood up and started walking towards the door with Officer Holliman.

13. Officer Holliman walked next to Plaintiff, with his left hand on Plaintiff's handcuffed right arm.

14. As Plaintiff got approximately four feet from the door, Officer Holliman, for no apparent reason, stopped and pulled backwards on Plaintiff's right bicep area.

15. The force of the pull stopped Plaintiff, and his momentum then took him leaning back towards the door.

16. Suddenly, without provocation, Officer Holliman grabbed the handcuffed Mr. Phelps with both arms, violently threw him to the ground, got on top of him, and put his forearm across the back of Plaintiff's neck.

17. At all pertinent times, Mr. Phelps was handcuffed behind his back, compliant, not resisting, and posed no threat to Officer Holliman, himself, or anyone else.

18. Plaintiff's face was the first part of his body to smash into the floor. Blood immediately started pouring out of his mouth and chin, which was split open. He also suffered significant damage to his teeth that ultimately required extensive dental surgery.

19. Plaintiff was taken to Norman Regional Hospital, Porter Campus, by McClain Grady EMS.

20. The hospital stated that Mr. Phelps had a fractured bone above his mouth, a gash on his chin that required stitches, and broken teeth.

21. After Plaintiff was treated at the hospital, Officer Holliman walked him back to his patrol unit to transport him to jail.

22. As they approached the sliding glass exit door, Plaintiff was verbally expressing his discontent with Officer Holliman's treatment of him.

23. In response to Plaintiff's verbal complaints, Officer Holliman performed a leg sweep on Plaintiff and took him to the ground.

24. At the time, Plaintiff was handcuffed behind his back, not resisting, not attempting to flee, was in significant pain, and posed no risk of danger to himself, Officer Holliman, or anyone else.

25. The force of the second takedown caused Plaintiff significant physical and emotional pain and suffering.

26. Plaintiff was then transported to jail.

27. The baseless charges against Plaintiff were ultimately dropped.

28. There is an affirmative link between the aforementioned excessive force utilized by Holliman and policies, practices and/or customs which the Town of Dibble/DPD promulgated, created, implemented and/or possessed responsibility for.

29. On information and belief, the Town/DPD failed to adequately train and supervise its officers, including Officer Holliman, with respect to, *inter alia*: use of force, de-escalation, the use of force continuum, appropriate use of force in a correctional setting,

use of force on a citizen/inmate in handcuffs and use of force on individuals who are injured or otherwise impaired.

30. The Town/DPD knew, must have known or should have known that, due to the obviously inadequate training and supervision, that unconstitutional excessive uses of force by DPD personnel, including Holliman, was probable, but failed to take reasonable measure to alleviate the risk of harm.

## **CAUSES OF ACTION**

## **EXCESSIVE USE OF FORCE**
**(Fourteenth and/or Fourth Amendment; 42 U.S.C. § 1983)**

■ **Individual Liability and Underlying Violation**

31. Paragraphs 1-30 are incorporated herein by reference.

32. At the time of the complained of events, Mr. Phelps, as pretrial detainee, had a clearly established constitutional right under the Fourteenth and/or Fourth Amendment to be secure in his person and free from objectively unreasonable seizure through excessive force to injure him and his bodily integrity.

33. Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

34. In the totality of the circumstances, at the time that the violent uses of force as used by Officer Holliman, Mr. Phelps was: 1) unarmed; 2) handcuffed; 3) not fleeing; and 4) posed no threat to himself, the officers, or anyone else.

35. The uses of violent force by Officer Holliman under the circumstances described herein was excessive and objectively unreasonable.

36. Officer Holliman applied objectively unreasonable and excessive physical force on Plaintiff, thereby causing him serious bodily injures, as well as mental pain and anguish.

37. As a direct proximate result of Officer Holliman's unlawful conduct, Mr. Phelps has suffered actual physical injuries, medical expenses (past and future), mental and physical pain and suffering and other damages and losses as described herein entitling him to recover compensatory and special damages in amounts to be determined at trial.

■ **Municipal Liability (Town of Dibble)**

38. Paragraphs 1-37 are incorporated herein by reference.

39. The aforementioned acts of excessive force by Officer Holliman are causally connected with customs, practices, and policies which the Town of Dibble/DPD promulgated, created, implemented and/or possessed responsibility for.

40. On information and belief, the DPD failed to adequately train and supervise its officers, including Officer Holliman, with respect to, *inter alia*: use of force, de-escalation, the use of force continuum, appropriate use of force in a correctional setting, use of force on a citizen/inmate in handcuffs and use of force on individuals who are injured or otherwise impaired.

41. The Town of Dibble/DPD knew, must have known or should have known that, due to the obviously inadequate training and supervision, that unconstitutional excessive use of force by DPD personnel, including Officer Holliman, was probable, but failed to take reasonable measure to alleviate the risk of harm.

42. The Town of Dibble/DPD, through its continued encouragement, ratification, approval and/or maintenance of the aforementioned policies, customs, and/or practices; in spite of their known and obvious inadequacies and dangers; has been deliberately indifferent to citizens', including Mr. Phelps's, health and safety.

43. As a direct and proximate result of the aforementioned customs, policies, and/or practices, Mr. Phelps suffered injuries and damages as alleged herein.

## FIRST AMENDMENT RETALIATION
## (42 U.S.C. § 1983)

44. Paragraphs 1-43 are incorporated herein by reference.

45. The "First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill,* 482 U.S. 451, 461 (1987).

46. "The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Id.* at 462-63.

47. Officer Holliman forcefully slammed the handcuffed Plaintiff to the ground while they were exiting the hospital in retaliation against Plaintiff's verbal complaints about Officer Holliman's conduct towards him.

48. In retaliating against Mr. Phelps for criticizing Officer Holliman's actions, Officer Holliman violated Mr. Phelps's clearly established First Amendment rights.

49. As a direct result of Holliman's unlawful conduct, Mr. Phelps has suffered serious actual physical and emotional injuries, and other damages and losses as described

herein entitling him to compensatory and special damages, in amounts to be determined at trial.

## NEGLIGENCE
### (Town of Dibble

50. Paragraphs 1-49 are incorporated herein by reference.

51. In Oklahoma, "[a] defendant is generally said to owe a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks that make the conduct unreasonably dangerous." *Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dep't,* 230 P.3d 869, 878 (Okla. 2010).

52. Because, however, the act of making an arrest necessarily involves some risk of harm to the arrestee, "a police officer has a special dispensation from the duty of ordinary care not to endanger others." *Morales,* 230 P.3d at 880.

53. In particular, "[a] police officer's duty … is to use only such force in making an arrest as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the arrest." *Id.*

54. Here, Defendants owed a duty to Plaintiff to use only such force in securing his cooperation as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the incident.

55. Officer Holliman breached that duty by using objectively unreasonable and excessive force as described herein.

56. Defendants breach of their duty was the proximate cause of Plaintiff's damages as described herein.

57. At all pertinent times, Holliman was acting within the scope of his employment with the Town/DPD and the Town is vicariously liable for his actions.

58. Plaintiff filed a Tort Claim Notice with the Town of Dibble on or about November 29, 2022.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff prays this Court grant him the relief sought, including but not limited to actual and compensatory in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, the costs of bringing this action, a reasonable attorneys' fee, along with such other relief as is deemed just and equitable.

Respectfully submitted,

/s/Daniel E. Smolen
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
SMOLEN & ROYTMAN
701   S. Cincinnati Ave.
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669

***Attorneys for Plaintiff***