IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRAIG ALLEN PHELPS, | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. CIV-23-755-F |
| DANIEL HOLLIMAN and TOWN OF DIBBLE, OKLAHOMA, | ) |
| Defendants. | ) |

## ORDER

Defendant Town of Dibble, Oklahoma ("the Town"), has moved for partial dismissal of plaintiff's complaint under Rule 12(b)(6), Fed. R. Civ. P. Specifically, it seeks dismissal of plaintiff, Craig Allen Phelps' municipal liability claim under 42 U.S.C. § 1983. Doc. no. 5. Plaintiff Craig Allen Phelps (Phelps) has responded, opposing dismissal. Doc. no. 10. The Town has replied. Doc. no. 14. The matter is at issue.

I.

According to the complaint, in March of 2022, Phelps was arrested by Jessica Dobbs (Dobbs), an officer with the Dibble Police Department (DPD), on suspicion of non-violent misdemeanors. Dobbs handcuffed Phelps and transported him to the DPD. Thereafter, Dobbs decided the charges against Phelps would be municipal charges.

Defendant Daniel Holliman (Holliman), also an officer with the DPD, was tasked with transporting Phelps to the Grady County Jail (Jail), where the DPD municipal arrestees were housed. Holliman told Phelps that he was to be taken to

the Jail. Phelps stood up and started walking towards the door with Holliman. Phelps is five feet, five inches tall and weighs approximately 120 pounds. According to Phelps, Holliman is several inches taller than him and extremely well built.

As they walked toward the door to leave, Holliman had his left hand on Phelps' handcuffed right arm. When they were approximately four feet from the door, Holliman, for no apparent reason, stopped and pulled backwards on Phelps' right bicep area. The force of the pull stopped Phelps and his momentum then took him leaning back towards the door.

Suddenly, without provocation, Holliman grabbed the handcuffed Phelps with both arms, violently threw him to the ground, got on top of him, and put his forearm across the back of Phelps' neck. At the time, Phelps was handcuffed behind his back, compliant, not resisting, and posed no threat to Holliman, himself, or anyone else.

As a result of Holliman's actions, Phelps' face smashed into the floor and blood started pouring out of his mouth and chin, which was split open. Phelps was transported to Norman Regional Hospital by McClain Grady EMS. His injuries included a fractured bone above his mouth and broken teeth. His chin required stitches.

After receiving treatment, Phelps was again to be transported by Holliman to the Jail. As they approached the door to leave, Phelps verbally expressed his discontent with Holliman's treatment of him. In response to Phelps' verbal complaints, Holliman performed a leg sweep on Phelps and took him to the ground. The force of the takedown caused Phelps significant physical and emotional pain and suffering. At the time of Holliman's actions, Phelps was handcuffed behind his back, not resisting, not attempting to flee, was in significant pain, and posed no risk of danger to Holliman, himself, or anyone else.

Holliman transported Phelps to the Jail. Subsequently, the charges against Phelps were dropped.

In his complaint, Phelps claims, in part, that Holliman, at the DPD and the hospital, used excessive force against him in violation of the Fourth and Fourteenth Amendments, and he seeks to recover damages against Holliman under § 1983. Phelps also seeks to recover damages against the Town under § 1983, alleging municipal liability. According to Phelps, there was an affirmative link between the excessive force used by Holliman and the Town's policies, practices and customs.

The Town moves for dismissal under Rule 12(b)(6) of the alleged § 1983 claim, contending that the allegations in the complaint are insufficient to state a plausible claim of municipal liability under § 1983.

II.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

III.

The Tenth Circuit addressed municipal liability under § 1983 in Waller v. City and County of Denver, 932 F.3d 1277, 1283 (10th Cir. 2019). In so doing, the appellate court stated:

> The Supreme Court has made clear that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. In other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. Instead, the government as an entity may only be held liable when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.

3

Thus, to establish municipal liability, a plaintiff must first demonstrate a municipal policy or custom, which may take one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

\* \* \* \*

After establishing a municipal policy or custom, a plaintiff must demonstrate a direct causal link between the policy or custom and the injury alleged. Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee. The causation element is applied with especial rigor when the municipal policy or practice is itself not unconstitutional, for example, when the municipal liability claim is based upon inadequate training, supervision, and deficiencies in hiring.

Finally, at least for claims of inadequate hiring, training, or other supervisory practices, a plaintiff must demonstrate that the municipal action was taken with deliberate indifference as to its known or obvious consequences. Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action, as a less stringent standard of fault for a failure-to-train claim would result in *de facto respondeat superior* liability on municipalities. The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the

4

risk of harm. In most instances, notice can be established by proving the existence of a pattern of tortious conduct. Deliberate indifference may be found absent a pattern of unconstitutional behavior only in a narrow range of circumstances where a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction.

Waller, 932 F.3d 1283-1284 (alterations, citations and quotation marks omitted).

With this legal background in mind, the court considers Phelps' alleged theory of municipal liability—failure to adequately train and supervise.[1]

IV.

The Tenth Circuit treats allegations of failure to train and failure to supervise the "same way." Whitewater v. Goss, 192 Fed. Appx. 794, 797 (10th Cir. 2006) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)). Only where a municipality's failure to train or supervise employees evidences a "deliberate indifference to the rights of its inhabitants" can the failure to train or supervise be considered a "policy or custom that is actionable under § 1983." *See*, City of Canton v. Harris, 489 U.S. 378, 389 (1989) (internal quotations marks omitted).

"Deliberate indifference requires proof that a municipal actor disregarded a known or obvious consequence of his action." George, on behalf of Bradshaw v. Beaver County, by and through the Beaver County Board of Commissioners, 32 F.4th 1246, 1253 (10th Cir. 2022) (citation omitted). As stated, deliberate indifference may be established by showing that the municipality had "'actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional

---

[1] In the complaint, Phelps specifically alleges "[o]n information and belief, the Town/DPD failed to adequately train and supervise its officers, including Officer Holliman, with respect to, *inter alia*: use of force, de-escalation, use of force continuum, appropriate use of force in a correctional setting, use of force on a citizen/inmate in handcuffs and use of force on individuals who are injured or otherwise impaired." Doc. no. 1, ¶ 29; *see also*, ¶ 40.

violation, and it consciously or deliberately chooses to disregard the risk of harm.'" Waller, 932 F.3d at 1284 (quoting Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998)).  Notice can be established by "proving the existence of a pattern of tortious conduct."  Id.  Absent a pattern of unconstitutional behavior, deliberate indifference may be found only in a "'narrow range of circumstances' where 'a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction.'"  Id. (quoting Barney, 143 F.3d at 1307-08) (other citation and quotation marks omitted).

     Phelps has not alleged any facts to plausibly support an inference that the Town or the DBD acted with deliberate indifference.  Specifically, there is an absence of factual allegations establishing a pattern of similar constitutional violations that occurred prior to the alleged incidents with Holliman.  See, Connick v. Thompson, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train.").

     Further, Phelps has not alleged sufficient facts for this case to fall within the "narrow range of circumstances," justifying a finding of deliberate indifference absent a pattern of similar constitutional violations.  See, Barney, 143 F.3d at 1307-08.  The facts alleged are inadequate to plausibly support an inference that the alleged conduct by Holliman was a "highly predictable" or "plainly obvious" consequence of the alleged failure to train or supervise by the Town or the DPD. Waller, 932 F.3d at 1284.  And in the court's view, the conduct alleged in the complaint does not fall within the "ambiguous 'gray area[]'" about which police officers, such as Holliman, would obviously need training or supervision to know how to handle the situations at issue correctly.  Id. at 1288.

     In sum, the court concludes that Phelps has failed to allege a plausible § 1983 municipal liability claim based on the failure to adequately train or supervise theory

of liability. Consequently, the court will dismiss without prejudice Phelps' § 1983 municipal liability claim against the Town.[2]

V.

For the reasons stated, Defendant Town of Dibble's Partial Motion to Dismiss and Brief in Support on Plaintiff's Claim of Municipal Liability (doc. no. 5) is **GRANTED**. Plaintiff's 42 U.S.C. § 1983 municipal liability claim against defendant Town of Dibble, Oklahoma, is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED this 14th day of November, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0755p002.docx

---

[2] Phelps' state law negligence claim against the Town, which has not been challenged under Rule 12(b)(6), remains pending.