**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)CRAIG ALLEN PHELPS | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-23-755-F |
| (1)DANIEL HOLLIMAN | ) | |
| (2) TOWN OF DIBBLE, | ) | |
| OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>UNOPPOSED MOTION TO STRIKE THE TRIAL DATE AND ALL OTHER
REMAINING DATES IN THE SCHEDULING ORDER PENDING THE
COURT'S RESOLUTION OF QUALIFIED IMMUNITY DEFENSE</u>**

COME NOW the Defendants, by and through their attorney of record, and respectfully submit their Motion Seeking an Order to Strike the trial date and all remaining dates in the scheduling order.  In support of their Motion, the Defendants state as follows:

1. This is a motion for all Defendants and there is no objection from the Plaintiff.

2. This case arises from the arrest of Plaintiff and his subsequent detention on March 16, 2022, in Dibble, Oklahoma.  The plaintiff has asserted various Section 1983 claims against the Defendants.

3. In accordance with the Order entered by the Court on August 20, 2024 (Dkt. 25), the trial in the above-styled case is scheduled for trial on January 14, 2025. Discovery is to be completed by December 15, 2024, and motions in limine are

Due on December 20, 2025. The final Pre-Trial Report is also due on December 20, 2024.

4. The case is set for a docket call on January 7, 2025.

5. Defendants have filed motions for summary judgment (Dkts. 32 and 33).

6. Plaintiff's response briefs to Defendants' summary judgment motions are due on November 12, 2024.

7. In his Motion for Summary Judgment Defendant Holliman has asserted the defense of qualified immunity.

8. Should the Court deny Defendant Holliman's qualified immunity, he intends to immediately file a notice of interlocutory appeal with the 10th Circuit based on the denial of qualified immunity. *Medina v. Cram,* 252 F.3d 1124 (10th Cir. 2001).

9. Qualified immunity protects public officials from individual liability in Section 1983 claims and is "an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001). Qualified immunity is an entitlement not to stand trial or face the burdens of litigation. It is an immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 527, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). Qualified immunity is effectively lost if the case is erroneously permitted to go to trial. *Hannula v. City of Lakewood,* 907 F.2d 129, 130 (10th Cir. 1990). And the denial of qualified immunity is subject to an immediate, interlocutory appeal. *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S. Ct. 2806, 86 L. Ed.2d 411 (1985).

10. Because qualified immunity is an entitlement not to stand trial or face the burdens of litigation, as discussed above, Defendants request that the Court strike the trial date and strike all remaining dates in the current scheduling order, pending the Court's resolution of Defendant Holliman's claim of qualified immunity.

WHEREFORE, premises considered, the Defendants respectfully request that the Court grant this Motion Seeking an Order striking the trial date and the remaining dates in the scheduling order.

Respectfully submitted,

 s/ Scott B. Wood
Scott B. Wood, OBA 12536
WOOD, PUHL & WOOD, P.L.L.C.
2409 E. Skelly Dr., Suite 200
Tulsa, Oklahoma 74105
*Tel* (918) 742-0808 / *Fax* (918) 742-0812
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on November 11, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel Smolen
Robert Blakemore

There are no parties to this action who are not registrants in the ECF System.

         /s/ Scott B. Wood