IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRAIG ALLEN PHELPS, ) | |
| Plaintiff, ) | |
| ) | Case No.: CIV-23-755-F |
| vs. ) | |
| DANIEL HOLLIMAN, and ) TOWN OF DIBBLE, OKLAHOMA ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT TOWN OF DIBBLE'S
MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Plaintiff Craig Allen Phelps ("Mr. Phelps", "Phelps" or "Plaintiff"), and respectfully submits his Response in Opposition to Defendant Town of Dibble, Oklahoma's ("Town" or "Defendant") Motion for Summary Judgment (Dkt. #33) as follows:

1. In its Motion, the Town "incorporates and adopts by reference the previously articulated Material Uncontroverted Facts ('MUFs') included in the Holliman Motion…." Dkt. #33 at 1 (citing Dkt. #32). In turn, Plaintiff adopts and incorporates the LCvR56.1(c) Statement from his Response to Officer Holliman's Motion for Summary Judgment (Dkt. #43) as if fully stated herein.

2. Plaintiff has brought a negligence claim against the Town pursuant to Oklahoma's Governmental Tort Claims Act ("GTCA").

1

3. With respect to Plaintiff's negligence claims, the Town baldly argues that "Plaintiff has failed to demonstrate that Officer Holliman breached any legal duty to Plaintiff or that he was injured by any such breach." Dkt. #33 at 2-3. This argument lacks merit.

4. Plaintiff has brought a specific claim for negligent use of excessive force against the Town. In Oklahoma, "[a] defendant is generally said to owe a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks that make the conduct unreasonably dangerous." *Morales v. City of Oklahoma City,* 230 P.3d 869, 878 (Okla. 2010). "Because, however, the act of making an arrest necessarily involves some risk of harm to the arrestee, 'a police officer has a special dispensation from the duty of ordinary care not to endanger others.'" *Payne v. Myers,* No. 14-CV-39-GKF-TLW, 2015 WL 5775188, at *13–14 (N.D. Okla. Sept. 30, 2015) (quoting *Morales,* 230 P.3d at 880). "In particular, '[a] police officer's duty ... is to use only such force in making an arrest as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the arrest.'" *Id.*

5. As set out in Plaintiff's Response in Opposition to Officer Holliman's Motion for Summary Judgment, fully adopted herein, the force exerted by Holliman was excessive and objectively unreasonable under the circumstances. *See* Dkt. #43. The analysis for excessive force under Fourth Amendment and excessive force under Oklahoma law is virtually identical. The standard of liability for both claims is one of objective reasonableness.

6.      Because Holliman's use of force was objectively unreasonable and excessive under the circumstances (*see* Dkt. #43), the Town is not entitled to summary judgment on Plaintiff's negligence claim brought pursuant to the Governmental Tort Claims Act.

WHEREFORE, premises considered, Plaintiff respectfully requests that the Court deny Defendant Town of Dibble's Motion for Summary Judgment (Dkt. #33).

Respectfully submitted,

/s/Robert M. Blakemore
Daniel E. Smolen, OBA #19943
danielsmolen@ssrok.com
Robert M. Blakemore, OBA #18656
bobblakemore@ssrok.com
Bryon D. Helm, OBA #33003
bryonhelm@ssrok.com
**Smolen & Roytman**
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone:  (918) 585-2667
Fax:  (918) 585-2669

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

/s/Robert M. Blakemore