IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CRAIG ALLEN PHELPS,                )
                                       )
      Plaintiff,                    )
                                       )
v.                                     )   Case No. CIV-23-755-F
                                       )
(2) DANIEL HOLLIMAN,                   )
(3) TOWN OF DIBBLE, OKLAHOMA,          )
                                       )
      Defendants.                   )

**DEFENDANT HOLLIMAN'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF**

COMES NOW the Defendant, Daniel Holliman ("Officer Holliman"), and hereby submits his Reply in support of his Motion for Summary Judgment.[1] [MSJ, Dkt. 32].

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MUFS**

Plaintiff does not controvert MUF #2, although charges were declined, the prosecutor acknowledged there was "PC" for the arrest [Response,[2] Dkt. 43-6] and Plaintiff has not challenged the legitimacy of his arrest. Plaintiff does not controvert MUF #5, as Plaintiff testified to the same in his deposition testimony. [Response, Dkt. 43-2, at 8-10]. Plaintiff does not controvert MUF #6, as Plaintiff knew he was going to be placed in jail. Plaintiff does not controvert MUF #7, as the primary issue in the *Tanberg v Sholtis* cited by Plaintiff is whether the police department's policies and procedures were admissible in a Fourth Amendment analysis of a use of force by the officer. The court ruled that

---

[1] Officer Holliman's Motion for Summary Judgment, Dkt. 32, will be referred to as "MSJ."
[2] Plaintiff's Response to MSJ, Dkt. 43, will be referred to as "Response."

1

admission of a department policy on deadly force would confuse the jury. With regard to training, *Tanberg* was limited to whether an expert could render an opinion in testimony that an officer acted in conformity with his training. This is vastly different from Officer Holliman explaining why he reacted the way he did based on the training he received. Otherwise, an officer could never defend themselves against accusations of excessive force. Plaintiff does not controvert MUF #8. Plaintiff does not controvert MUF #11 or 12, as the video and audio evidence belie the Plaintiff's denial. Plaintiff does not controvert MUF #14, as Plaintiff's statements do not controvert what the videos and extracted photos clearly show. As to MUF #15, see reply to MUF #7. Plaintiff does not controvert MUF #16, as Officer Holliman's reasonable belief was based on the video and audio evidence submitted to the Court. As to MUF #17, see reply to MUF #7. As to MUF #20, Plaintiff makes a conclusory allegation without support. Plaintiff's actions at the hospital are what prompted the second use of force by Officer Holliman. As to MUF #21, see reply to MUF #7. Plaintiff does not controvert MUF #24 and is a conclusory allegation without support as Plaintiff's actions are what prompted the uses of force by Officer Holliman. Plaintiff's comments and cursing were simply harbingers of Plaintiff's conduct which, along with Plaintiff's resistance prompted the uses of force. As to MUF #26, see reply to MUF #11 and 12. Plaintiff's response does not controvert MUF #28, offered as explanation why the body camera was no longer recording from Officer Holliman's chest. Plaintiff's response to MUF #30 is rebutted by the hospital video. Plaintiff's response to MUF #31 is a conclusory allegation without support. Plaintiff does not controvert MUF #32, as the video evidence shows Plaintiff pulled away from Officer Holliman. Plaintiff's response to MUF

#34, is a conclusory allegation without support as the video shows otherwise. As to MUF #35, see reply to MUF #34. Plaintiff does not controvert MUF #36, it doesn't matter whether he didn't want to go with Holliman rather than going to jail.

### REPLY TO PLAINTIFF'S FACTS PRECLUDING SUMMARY JUDGMENT

1. Admit that Plaintiff got up off the bench to be handcuffed in response to Officer Holliman's command to "hop up."

2 – 3. Admit.

4. Admit sentences one and two. Deny remaining "facts" as video and photo show Plaintiff's arms out very far from his body even with handcuffs on. [See Dkt. 32-8, video at 48:14 to 48:17, and still photo extracted from video, Dkt. 32-13].

5. Admit, but District Attorney did find probable cause for Plaintiff's arrest on the declination sheet. [Response, Dkt. 43-6].

### ARGUMENTS AND AUTHORITIES
### DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY

**I.  Constitutional standard applicable to this case.**

Although determining the applicable legal standard is important in order to properly analyze Plaintiff's claims, here, analyzing Plaintiff's claims under either the Fourth or the Fourteenth Amendment results in the same outcome – that qualified immunity applies to Officer Holliman's conduct.

**II. Plaintiff's Claim of Excessive Force.**

    **A. Plaintiff Failed to Demonstrate that Officer Holliman's Use of Force was in Violation of Plaintiff's Constitutional Rights – Prong One.**

Officer Holliman's force was proportionate and necessary. The takedowns described were not punitive but necessary to maintain control over a resistant individual. Officer Holliman denies allegations of excessive force and asserts his actions were consistent with his training and the objective reasonableness standard. Plaintiff's injuries, while unfortunate, resulted from lawful efforts to secure a non-compliant detainee. Under the Fourth Amendment, assessment of the relevant factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Nosewicz v. Janosko,* 754 Fed.Appx. 725, 731 (10th Cir. 2018) (unpublished) *citing Graham v. Connor,* 490 U.S. 386, 396 (1989). Plaintiff was arrested for unlawful burning and related offenses. While these offenses may not be violent, they necessitated compliance with law enforcement orders for safety and operational reasons.

As to *Graham's* second factor, Plaintiff argues he was handcuffed and therefore, he was "subdued" at the time of both takedown maneuvers. Plaintiff is wrong. In *Walker v. Anderson,* the plaintiff unsuccessfully made this argument. In fact, the district court held that the Tenth Circuit "in no way equated getting handcuffed as being 'subdued.'" No. 23-CV-0008-CVE-JFJ, 2024 WL 3905733 at *8, (N.D.Okla. Aug. 22, 2022) *citing McCoy v. Meyers,* 887 F.3d 1034, 1048 (10th Cir. 2018)*.* The district court, citing the Tenth Circuit, held that "[w]hether an individual has been subdued from the perspective of a reasonable officer depends on the officer having enough time to recognize that the individual no longer poses a threat and react to the changed circumstances." *Id*. *citing McCoy* at 1058. Therefore, Plaintiff's argument that he was subdued because he was handcuffed fails.

4

Plaintiff's behavior, as captured in video evidence and corroborated by testimony, at both the police department and at the hospital, included erratic movements and verbal resistance. Despite Plaintiff's claim that he was handcuffed and therefore "subdued," his demeanor and actions indicated threats. At the police department he exhibited verbal hostility, and he pulled toward the lockers near an open door. [MSJ, Dkt. 32, Ex. 13]; *see Diaz v. Wright,* No. Civ. 14-922 JCH/LAM, 2016 WL 10588098 at *9, (D.N.M. March 22, 2016)(unpublished)(the plaintiff's exhibited verbal hostility towards the officers when they entered the room, caused the officers to have reason to be concerned for their safety) and *Nosewicz v. Janosko,* 754 Fed.Appx. 725, 733 (10th Cir. 2018)(unpublished)(an open jail door provided plaintiff easy access to the rest of the jail, where he could potentially harm others or generally wreak havoc). At the hospital Plaintiff exhibited verbal hostility, and he pulled away from Officer Holliman in an open parking lot. Therefore Plaintiff posed a threat weighing *Graham's* second factor in favor of Officer Holliman.

As to *Graham's* third prong, Plaintiff was resistant to arrest by pulling away from Officer Holliman at the police department near an open door and at the hospital, Plaintiff, in his own deposition admits to physical hesitation and refusal to enter the transport vehicle. [Ex. 1, Phelps Depo at 22:16-21 and 37:11-25 and MSJ, Ex. 17 at 36:19-25]. Courts have consistently upheld reasonable measures to ensure officer safety and detainee compliance under such circumstances. This factor weighs in favor of Officer Holliman.

### B. Plaintiff Failed to Demonstrate that Officer Holliman's Use of Force Was In Violation of Clearly Established Law – Prong Two.

Plaintiff argues Officer Holliman, "makes only a cursory argument," and "[m]ore

5

fundamentally, Officer Holliman's argument does not adequately raise the second prong of the analysis." It is clear Plaintiff's understanding of this prong is deficient and his reliance on *Sawyers v. Norton, 962 F.3d 1270, 1286 (10th Cir. 2020),* is misplaced. The Tenth Circuit held it is ". . . the general rule that **appellate courts** will not entertain issues raised for the first time on appeal in an appellant's reply brief."[3] *Id.* The instant case is in the pretrial motion stage and therefore *Sawyer* is inapplicable to this case.

Further, if Plaintiff's argument was true, it would be in direct contradiction to well-established law. *Cox v. Glanz,* 800 F.3d 1231 (10th Cir. 2015)(When a defendant asserts qualified immunity at summary judgment, the burden shifts to the *plaintiff,* who must clear *two hurdles* in order to defeat the defendant's motion.) Further, the Tenth Circuit in *Sanchez v. Guzman*, 105 F.4th 1285 (10th Cir. 2024), held as to plaintiff's argument that the officer carried the second prong burden: "we need not linger long: they are flat out wrong." *Id*. It is Plaintiff who must adequately argue this prong – not Officer Holliman.

Plaintiff argues "[t]here 'need not be a case precisely on point." [Response p. 18]. However, the Supreme Court more recently in *City of Tahlequah v. Bond,* held that "We have repeatedly told courts not to define clearly established law at too high a level of generality." 595 U.S. 9, 12 (2021). "It is not enough that a rule be suggested by then-existing precedent; the 'rule's contours must be so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id.* In

---

[3] A review of the precedence relied on by *Sawyer* for this proposition demonstrates that when an **appellant** fails to raise "issues" or "arguments" in its **opening brief on appeal**, that "issue" or "argument" is waived – even where it is presented in the reply brief.

overturning the Tenth Circuit, the Supreme Court held "not one of the decisions relied upon by the Court of Appeals . . . comes close to establishing the officers' conduct was unlawful." *Id.* Here, Plaintiff's argument suffers from the same fatal flaws.

Plaintiff cites *Perea v. Baca,* 817 F.3d 1198, 1204 (10th Cir. 2016), *McCoy v. Meyers,* 887 F.3d 1034 (10th Cir. 2018) and *Weigel v. Broad,* 544 F.3d 1143, 1152 (10th Cir. 2008), to demonstrate that the law was clearly established. The Supreme Court has held that "Plaintiff alone has the burden to make a ***particularized showing*** that the law is sufficiently clear that every reasonable officer would have known that the officer's conduct against the plaintiff was unconstitutional." *Bond*, *supra*., at 11; *see Patrick v. Miller*, 953 F.2d 1240 (10th Cir. 1982), *c.f. Cox v. Glanz,* 800 F.3d 1231 910th Cir. 2015). Likewise, here, Plaintiff failed to carry his burden of this prong by his recitation of the general principles of law without further analysis of the cases he cited.

Not only did Plaintiff fail to make a particularized showing but an analysis of Plaintiff's cited cases are factually distinguished. In *Perea* the officers were performing a welfare check and chased the subject and then pushed him off his bike. He struggled only after the officers employed force and the officers subdued him with a taser but then tased him nine more times. *Perea* is distinguished from the instant case as the force used here was contemporaneous with Plaintiff's resistance, aimed at maintaining control and once Officer Holliman had Plaintiff on the ground he did not utilize any further force.

In *McCoy* the officers "kidney slapped" the suspect and hit him on his head, shoulders, back and arms more than ten times while he was rendered unconscious with a carotid restraint, handcuffed behind his back, and zip-tied at his feet, and then another

officer applied a second carotid restraint to render him unconscious again, despite the individual not resisting the officers. The facts of *McCoy* are distinguished from the facts of the instant case where Plaintiff's noncompliance by pulling away caused Officer Holliman to perform the takedowns to detain him.

In *Weigel* officers were arresting the suspect who was handcuffed, his legs were restrained in some fashion, and the officers were applying pressure to his upper torso for several minutes. The Tenth Circuit's decision was a split decision and depended on the concurring opinion of Judge Hartz, who made clear his view that for a constitutional violation to have occurred in those circumstances, it was necessary for the arrestee's legs to have been bound. *Bruner v. City of Oklahoma City, 703 F.Supp.3d 1317*. Here, it undisputed that Plaintiff's legs were not bound therefore *Weigel* does not provide clearly established law that Officer Holliman's conduct was unconstitutional.

It is apparent Plaintiff's reliance on these cases is to demonstrate that ***any*** force used on a handcuffed suspect is unconstitutional because handcuffed suspects are "subdued." [Response, Dkt. 43]. This argument is absurd and is in direct contradiction to the Tenth Circuit's holding in *McCoy*. The Tenth Circuit in *McCoy* held that being handcuffed does not equate to being "subdued." *Id*. In fact, the Tenth Circuit reiterated that "[w]hether an individual has been subdued from the perspective of a reasonable officer depends on the officer having enough time to recognize that the individual no longer poses a threat and react to the changed circumstances." *Id.* at 1058. *Perea, McCoy* and *Weigel* fail to provide clearly established law and therefore Plaintiff has not carried his burden under either prong of qualified immunity.

### III. Plaintiff's Claim of First Amendment Retaliation.

#### A. Plaintiff Failed to Demonstrate that Officer Holliman Violated Plaintiff's First Amendment Rights – Prong One.

Plaintiff failed to meet the requisite elements for this claim. However, even if Plaintiff met the first two elements, he failed to prove the third element.[4] Plaintiff's claim hinges on allegations that Officer Holliman used force in response to critical remarks. However, the video evidence demonstrates that Officer Holliman did not possess any retaliatory motive, let alone that such motive was a substantial reason for executing the takedown maneuver on Plaintiff. The takedown was in direct response to Plaintiff's refusal to comply with transportation procedures, not his criticism of Officer Holliman. Plaintiff failed to demonstrate any causal link between his speech and the force used and the evidence does not support the inference that Officer Holliman acted with retaliatory intent. Absent such evidence, Plaintiff's claim must fail.

#### B. Plaintiff Failed to Demonstrate Officer Holliman's Conduct Was In Violation of Clearly Established Law - First Amendment Retaliation – Prong Two.

Plaintiff wholly failed to make any argument to satisfy his burden under the second prong of qualified immunity.[5] Plaintiff generally cites: (1) *Hill*, 482 U.S. at 453–54,

---

[4] In *Martin v. County of Santa Fe,* the Tenth Circuit concluded "that Defendants were entitled to summary judgment because, even if the first two elements of his claim were satisfied, Martin failed to offer evidence from which a reasonable juror could conclude that Defendants' actions were substantially motivated by a desire to retaliate against Martin for engaging in constitutionally protected conduct. 626 Fed.Appx. 736, 745 (10th Cir. 2015).

[5] "The Court will not advocate a position for a party that has neglected for one reason or another to press its point." *Larsen v. Chase Manhattan Mortg. Corp.,* No. 05–1005 WEB, 2006 WL 2375610 (D. Kan. Aug. 15, 2006) *citing Phillips v. Calhoun,* 956 F.2d 949, 953–954 (10th Cir.1992).

involving whether a municipal ordinance is unconstitutionally overbroad under the First Amendment and therefore not relevant to the instant case; (2) *United States v. McKinney*, 9 F. App'x 887, 889-90 (10th Cir. 2001), an unpublished opinion and further officers were on a routine check and questioned plaintiff when she drove up and she used profanity and the officers arrested her, this case is distinguished from the instant case; *Stearns v. Clarkson*, 615 F.3d 1278, 1283–84 (10th Cir. 2010), which does not involve a claim for First Amendment retaliation; *Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1199-1200 (D. Kan. 2018), which is a district court case, not a "Supreme Court or Tenth Circuit" case and further the district court held that "the officer's actions were motivated by the plaintiff's exercise of free speech because **no time elapsed and no other conduct occurred** between Plaintiff's words and gesture and Defendant throwing him onto the street." *Id.* These facts are contrary to the facts of the instant case where the video evidence demonstrates Plaintiff's verbal hostility at the police department and at the hospital long before the takedowns and even more compelling is the video demonstrating Plaintiff pulled away causing Officer Holliman to execute takedowns to gain control of Plaintiff. Plaintiff has failed to carry his burden to demonstrate that Officer Holliman violated Plaintiff's clearly established First Amendment rights and therefore Officer Holliman is entitled to qualified immunity.

WHEREFORE, Officer Holliman respectfully requests that the Court grant his Motion for Summary Judgment and dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

/s/ Scott B. Wood
Scott B. Wood
WOOD, PUHL & WOOD, PLLC
4037 E. 49th St. S.
Tulsa, Oklahoma 74135
(918) 742-0808/ (918) 607-5946
*Attorney for Defendant Officer Holliman*

## CERTIFICATE OF SERVICE

This is to certify that on November 27, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA # 33003
Attorneys for Plaintiff

/s/ Scott B. Wood