IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CRAIG ALLEN PHELPS,  )
　　　　　　　　　　　　 )
　　　　　Plaintiff,     )
　　　　　　　　　　　　 )
v.                      ) Case No. CIV-23-755-F
　　　　　　　　　　　　 )
(2) DANIEL HOLLIMAN,    )
(3) TOWN OF DIBBLE, OKLAHOMA, )
　　　　　　　　　　　　 )
　　　　　Defendants.   )

### DEFENDANT TOWN OF DIBBLE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TOWN'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant Town of Dibble ("Town") and respectfully submits its Reply to Plaintiff's Response in Opposition [Dkt. #45] to the Town's Motion for Summary Judgment. [Dkt. #33]. Plaintiff fails to provide a factual or legal basis to overcome summary judgment.

### REPLY TO PLAINTIFF'S RESPONSE TO TOWN'S MATERIAL UNCONTROVERTED FACTS

The Town incorporates and adopts by reference the previously articulated Material Uncontroverted Facts ("MUFs") included in Officer Holliman's Reply to Plaintiff's Response to the Town's Motion for Summary Judgment filed simultaneously herewith. [Dkt. 48].

1

## ARGUMENT

I. **Plaintiff Fails to Demonstrate Breach of Duty or Causation.**

Plaintiff failed to sufficiently demonstrate that Officer Holliman breached a legal duty owed to the Plaintiff or that such a breach directly caused Plaintiff's injuries. Plaintiff relies only on generalized standards of care without addressing the specific circumstances of the two incidents. Additionally, Plaintiff's argument lacks evidence regarding the alleged "objectively unreasonable" use of force. Further, Plaintiff provides no evidence of a direct causal link between the alleged breach and Plaintiff's injuries, as required under Oklahoma law. Therefore, the Town should be granted summary judgment as a matter of law.

II. **Negligence Claim under OGTCA is Unsubstantiated.**

Plaintiff's claim against the Town for negligence under Oklahoma Governmental Tort Claims Act ("OGTCA") lacks merit. The OGTCA's framework protects governmental entities from liability for discretionary acts performed in the course of law enforcement. Plaintiff has failed to account for this statutory limitation. Further, as Plaintiff pointed out, "a police officer has a special dispensation from the duty of ordinary care not to endanger others." *Payne v. Myers,* No. 14-CV-39-GKF-TLW, 2015 WL 5775188, at *13–14 (N.D. Okla. Sept. 30, 2015) (*quoting Morales*, 230 P.3d at 880. Based on the OGTCA's statutory limitations and the special dispensation afforded Officer Holliman as to the duty of care he owed Plaintiff, Officer Holliman's actions were reasonable. Plaintiff, while handcuffed and being escorted out of a room in the jail, as well as the hospital, pulled away from Officer Holliman causing Officer Holliman to believe he was resisting and

therefore posed a threat to Officer Holliman.[1] Given these circumstances the takedown maneuver performed by Officer Holliman on Plaintiff was objectively reasonable. Therefore, the Town should be granted summary judgment as a matter of law.

III. **Excessive Force Claims Are Unsupported by Facts.**

Plaintiff's reliance on *Morales* and related case law overlooks the need to demonstrate objective unreasonableness specific to the incident in question. Plaintiff argues that the Fourth Amendment analysis of excessive force is identical to that of Oklahoma law. Under either legal standard, Plaintiff has failed to meet the evidentiary burden to show that when Plaintiff pulled away from Officer Holliman, Officer Holliman's conduct of performing a takedown maneuver on Plaintiff, both at the jail and at the hospital, were objectively unreasonable. Therefore, the Town should be granted summary judgment as a matter of law.

IV. **The Town of Dibble Is Entitled to Summary Judgment.**

The Town is entitled to summary judgment on both procedural and substantive grounds. Plaintiff has failed to establish that any genuine dispute of material fact exists which would necessitate a trial. And further, Plaintiff has failed to meet the burden of proof necessary to proceed to trial by failing to establish that the Town, through Officer Holliman's actions, was negligent or that such negligence caused the alleged harm.

---

[1] Both incidents were captured on video. *Scott v. Hargis,* ___.

## CONCLUSION

For the reasons set forth above and in the Town's Motion for Summary Judgment, Defendant Town of Dibble respectfully requests this Court grant its Motion for Summary Judgment in its entirety.

Respectfully submitted,

/s/ Scott B. Wood
Scott B. Wood
WOOD, PUHL & WOOD, PLLC
4037 E. 49th St.
Tulsa, Oklahoma 74135
(918) 742-0808/ (918) 607-5946
*Attorney for the Town of Dibble*

## CERTIFICATE OF SERVICE

This is to certify that on November 27, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA # 33003
Attorneys for Plaintiff

/s/ Scott B. Wood